**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) **CASE NO. 4:21-CR-198** |
| **v.** | ) |
| | ) |
| **ASIM SIMMONS, JR.** | ) |

**PLEA AGREEMENT**

Defendant, Asim Simmons, Jr., represented by his counsel, Michael Schwartz, Esq., and the United States of America, represented by Assistant United States Attorney Joshua Bearden, have reached a plea agreement in this case.  The terms and conditions of that agreement are as follows.

1.    Guilty Plea

Defendant Asim Simmons, Jr. agrees to plead guilty to Possession of a Firearm by a Prohibited Person, as specified within Count One of the Indictment.

2.    Elements and Factual Basis

The elements necessary to prove Count One are as follows:

FIRST:      That the Defendant knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year;

SECOND:   That the Defendant knowingly possessed a firearm; and

THIRD:      That the firearm was in and affecting interstate and foreign commerce.

Defendant agrees that he is, in fact, guilty of this offense.  He agrees to the accuracy of the following facts, which satisfy each of the required elements:

1

On or about January 16, 2021, in Chatham County, within the Southern District of Georgia, the defendant, Asim Simmons, Jr., knowing he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting commerce, a firearm, to wit: a Taurus 709 Slim 9mm handgun, which had been transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

3.   <u>Possible Sentence</u>

Defendant's guilty plea to Count One will subject him to the following maximum possible sentence:

- Imprisonment for not more than ten (10) years;
- Not more than a $250,000 fine;
- Not more than three (3) years of supervised release; and
- A $100 special assessment.

4.   <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the Government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.    <u>Court's Use of Guidelines</u>

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining his sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the Count to which Defendant is pleading guilty.

6.    <u>Agreements Regarding Sentencing Guidelines</u>

a.    <u>Government's Recommendation</u>

The Government hereby agrees to recommend to the Court that the Defendant receive the low-end of the guidelines range.

b.    <u>Acceptance of Responsibility</u>

The Government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the Government will move for an additional one-level reduction in offense level pursuant to Section3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

    c.    <u>Use of Information</u>

The Government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

7.    <u>Financial Obligations and Agreements</u>

    a.    <u>Special Assessment</u>

Defendant agrees to pay a special assessment in the amount of $100, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

    b.    <u>Required Financial Disclosures</u>

Within 30 days of entry of plea, Defendant shall complete a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

    c.    <u>Financial Examination</u>

Defendant will submit to an examination under oath on the issue of his financial disclosures and assets if deemed necessary by the United States. Such

4

examination will occur not later than 30 days after the entry of Defendant's guilty plea.

    d.    <u>No Transfer of Assets</u>

Defendant certifies that he has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations created by this Agreement or that may be imposed upon him by the Court at sentencing. Defendant promises that he will make no such transfers in the future.

    e.    <u>Material Change in Circumstances</u>

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

    f.    <u>Enforcement</u>

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

    g.    <u>Forfeiture and Abandonment of Property</u>

The Defendant agrees to forfeit and abandon any property that was seized during this investigation.

8. <u>Waivers</u>

    a.     <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    b.     <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a Defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

9. <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

10.  <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

11.  <u>Breach of Plea Agreement</u>

Defendant breaches this agreement if, prior to sentencing in his case, he fails to comply with any of the terms of this agreement, withdraws or attempts to withdraw his guilty plea, refuses to accept responsibility for his criminal conduct, obstructs justice, tampers with witnesses or evidence, or commits any new crimes. If Defendant breaches the plea agreement, the Government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the Government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

12.  <u>Entire Agreement</u>

This agreement contains the entire agreement between the Government and Defendant.

DAVID H. ESTES
UNITED STATES ATTORNEY

Date

Karl Knoche
Georgia Bar No. 426624
Chief, Criminal Division

Date

Joshua S. Bearden
Alabama Bar No. 7503S71B
Assistant United States Attorney

8

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.


2-1-2022
_____
Date

_____
Asim Simmons, Jr., Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.


2/1/22
_____
Date

_____
Michael Schwartz
Defendant's Attorney

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA  )
           ) CASE NO. 4:21-CR-198
   v.       )
           )
ASIM SIMMONS, JR.    )

## ORDER

   The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the Defendant and the Defendant's attorney at a hearing on the Defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

   ORDERED that the plea of guilty by Defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

   This _12th_ day of _APRIL_ 2022.

HONORABLE WILLIAM T. MOORE
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA